

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ocala Division

)    Case No. _____
Edward JoRodge Gladney    )
_____    )         *(to be filled in by the Clerk's Office)*
         *Plaintiff(s)*    )
*(Write the full name of each plaintiff who is filing this complaint.*    )    In Re: #5:25-cv-00537-KKM-PRL;
*If the names of all the plaintiffs cannot fit in the space above,*    )
*please write "see attached" in the space and attach an additional*    )         5:25-cv-00303-CEM-PRL
*page with the full list of names.)*    )
United States of America, R. Patel,    )
B. Kennedy, Eugene K. Carlton,    )
G. Kitchens, T. Parrigin, FNU Morales    )
         *Defendant(s)*    )
*(Write the full name of each defendant who is being sued. If the*    )
*names of all the defendants cannot fit in the space above, please*    )
*write "see attached" in the space and attach an additional page*    )
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Edward JoRodge Gladney

All other names by which you have been known: Shay

ID Number: 80179-279

Current Institution: USP Coleman 2 (USP-2)

Address: P.O. Box 1034

Coleman                    FL          33521
City                    State      Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: United States of America

Job or Title (if known): Corrections

Shield Number:

Employer:

Address:

Washington            D.C.
City                    State          Zip Code

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name: R. Patel

Job or Title (if known): Psychologist

Shield Number:

Employer: U.S.D.O.J. - Federal Bureau of Prisons

Address: P.O. Box 1029

Coleman                    FL          33521
City                    State      Zip Code

☑ Individual capacity    ☑ Official capacity

Defendant No. 3

  Name        B. Kennedy

  Job or Title *(if known)*   Psychologist

  Shield Number

  Employer       U.S.D.O.J.- Federal Bureau of Prisons

  Address        P.O. Box 1029

          Coleman     FL    33521

            *City*       *State*    *Zip Code*

          ☑ Individual capacity   ☑ Official capacity

Defendant No. 4

  Name        Eugene K. Carlton

  Job or Title *(if known)*   Warden

  Shield Number

  Employer       U.S.D.O.J - Federal Bureau of Prisons

  Address        P.O. Box 1029

          Coleman     FL    33521

            *City*       *State*    *Zip Code*

          ☑ Individual capacity   ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

   ☑ Federal officials (a *Bivens* claim)     ; and F.T.C.A.

   ☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?   8th Amendment - Deliberate Indifference

     1st Amendment - Access to Courts, Retaliation

     5th Amendment - Due Process of Law

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all times, each defendant was (is) employed by the Federal Bureau of Prisons, within the U.S. Department of Justice.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☑    Convicted and sentenced federal prisoner

☐    Other *(explain)*  _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

At the United States Penitentiary Coleman 2 Special Housing Unit, H-2 Housing Unit, L-2 Housing Unit; March 20, 2025- Present.

C.  What date and approximate time did the events giving rise to your claim(s) occur?

March 20, 2025 - 3:00pm; March 23, 2025 - 11:00am; April 1, 2025 - 10:30am; April 18, 2025 - 12:00pm; May 12, 2025 - 9:00am; May 14, 2025 - 1:00pm; May 22, 2025 - 12:30pm; April 8, 2025 - 9:30am; March 25 - May 13, 2025; March 24 - Present

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

After I (a transgender) was negligently housed with a mentally-ill inmate exhibiting episodes of violence, I was sexually by said inmate after I informed an officer of a threat to my safety. Officers then used excessive force against me and attempted to collectively cover-up the incident(s) by refusing to follow PREA Protocol, medical and psychological consultations/examinations, and collection of DNA Evidence. USP Coleman II staff then refused to treat me for sexual trauma, which symptoms consists of suicidal ideation, and then punished me... (continued)

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. PTSD (sexual trauma, suicide ideation, nightmares, nightsweats, flashbacks, panic attacks, hyperventilation, insomnia, increased weight, hair loss, hypervigilence, depression, increased anxiety), blurry vision, caustic chemical burns, humiliation, loss of enjoyment of life, back pain, mistrust of prison staff concerning safety, lack of concentration. (all ongoing)

On August 22, 2025, I was instructed to "self-treat" myself for PTSD symptoms-which did not/does not help any of my symptoms. No injuries have been treated successfully and suicidal ideation has now developed into actual suicide attempts (ongoing).

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

United States of America = $5,000,000.00 (per count) or discharge from Prison with Supervised Release
Eugene K. Carlton = $500,000.00 (per count) and transfer to Mental Health Facility or Medium Security
G. Kitchens = $500,000.00 (per count) and employment termination or demotion
T. Parrigin = $6,000,000.00 (per count) and employment termination or demotion
D. Jones = $500,000.00 (per count) and employment termination
B. Kennedy = $3,000,000.00 (per count) or employment termination
R. Patel = $7,000,000.00 (per count) and transfer plaintiff to Mental Health Facility or Medium Security
FNU Morales = $8,500,000.00 or employment termination

(Continued)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

United States Penitentiary Coleman 2 (USP-2)

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

Federal Bureau of Prisons-Southeast Regional Office, Central Office, and D.O.J. Sexual Abuse Reporting Electronic Inbox, and Senior Counsel of D.O.J Adam Miles; Office of Ispector General, and D.O.J. Office of Internal Affairs.

2. What did you claim in your grievance? The USA failed to house me in a safe manner/environment, USA negligently supervised me and failed to protect me. Officer Morales failed to protect me, Warden E.K.Carlton failed to correct subordinates and enforce B.O.P. Program Statements, PREA Protocol, and to uphold U.S. Constitution. T. Parrigin/USA used excessive force against me and retaliated. Captain G. Kitchens failed to abide by PREA Reporting Protocol ~~and~~ e.g. retaliation punitive housing ~~transfer me to a Mental Health facility.~~ Psychologists neglected and refused to treat me or transfer me to a Mental Health facility.

3. What was the result, if any? The Southeast Regional Office stated that my claim concerning USP-2 SHU Officer Morales will be investigated (failure to protect) and appropriate action will be taken if a violation occured. All other claims are pending disposition by USP Coleman 2 and Regional Office, yet B.O.P. Central Office has yet to respond. Regional Office stated claims would be investigated a nearly a month ago, yet stated nothing about relief I would receive.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

Did not appeal any decision. Grievance process not completed because the claims are pending disposition by the institution and Regional Office. The USDOJ (Washington, D.C) was notified of all claims electronically via "DOJ Sexual Abuse Reporting" since May 12, 2025.

F. If you did not file a grievance: *See Ross v. Blake, 578 US 642, 136 S. Ct. 1350, 195 L. Ed. 2d 117 (2016).*

  1. If there are any reasons why you did not file a grievance, state them here:

  Lack of access to grievance forms from USP Coleman 2 staff, administrative remedies operates as a "deadend"; officers have repeatedly been unwilling to provide relief. (See pg #7 at #3) See Ross v. Blake, 578 U.S. 642, 136 S.Ct. 1350, 195 L.Ed. 2d 117 (2016).

  2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: I informed the U.S. Department of Justice of all ungrieved claims, as well as grieved claims that are currently pending, between May 12, 2025 and present via the "DOJ Sexual Abuse Reporting" electronic inbox via computer. I received no response. Contacted D.O.J. Office of Inspector General and Office of Inspector General between May 12, 2025-Present (no response), and Adam Miles.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. On or about May 4, 2025, I wrote an extensive letter to O.I.G. (Adam Miles) concerning failure to protect, PREA cover-up, PREA Protocol violations, negligence, and deliberate indifference. Consistantly emailed the DOJ via "DOJ Sexual Abuse Reporting" system concerning all claims. I have also emailed Warden and Assistant

  *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* (SEE ATTACHED DECLARATION REGARDING EXHAUSTION)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

[✓] Yes

[ ] No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

USDC for Arizona, USDC for Southern District of Texas

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

_____

3. Docket or index number

_____

4. Name of Judge assigned to your case

_____

5. Approximate date of filing lawsuit

_____

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)    Edward J. Gladney

    Defendant(s)    USA

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    USDC for District of Arizona, USCA for Ninth Circuit

3.  Docket or index number

    4:17-cv-427

4.  Name of Judge assigned to your case

    David C. Bury

5.  Approximate date of filing lawsuit

    August 2017

6.  Is the case still pending?

    ☐ Yes

    ☑ No

    If no, give the approximate date of disposition    March 2023

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    Appeal and Dismissed at Oral Argument

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    September 9th, 2025

Signature of Plaintiff

Printed Name of Plaintiff    Edward DeRodge Gladney

Prison Identification #    80179-279

Prison Address    USP Coleman II

Coleman                         FL        33521
                        _City_            _State_    _Zip Code_

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                        _City_            _State_    _Zip Code_

Telephone Number

E-mail Address

IV. Statement of Claim   (...Continued)
   D. What are the facts underlying your claim(s)?

1) On March 20, 2025 - March 23, 2025, USP Coleman II
   Special Housing Unit staff negligently housed me
   (a transgender) in a cell with a well-known mentally-
   ill inmate (Joseph Coates) who was experiencing
   episodes of violence and subsequently sexually
   assaulted me on March 23, 2025;

2) On March 23, 2025, I (a transgender) was sexually
   assaulted by my cellmate (Joseph Coates) after I
   informed USP Coleman II Special Housing Unit Officer
   Morales of an immediate threat to my safety;

3) On March 23, 2025, between the hours of 10:45am-
   12:00pm, under the direction and supervision of
   Lieutenant T. Parrigin, USP Coleman II Special
   Housing Unit Officers used excessive force against
   me (a transgender) after I informed SHU staff that
   I was ~~sexatly~~ sexually assaulted by my cellmate
   (Joseph Coates);

4) Between March 23, 2025 - May 13, 2025, after I
   reported that I was sexually assaulted by my
   cellmate (PREA), USP Coleman II Medical and
   Psychology staff failed and/or refused to provide
   me with appropriate medical and mental health
   examinations/evaluations, treatment, and the
   collection of DNA evidence;

IV. Statement of Claim (... Continued)
 D. What are the facts underlying your claim(s)?

5) Between May 20, 2025 - Present Day, after I was
 sexually assaulted by my cellmate (Joseph Coates),
 USP Coleman II Psychology staff, namely Dr. B. Kennedy
 and Dr. R. Patel, failed and/or refused to provide me
 with mental health treatment/consultations or a
 transfer to a mental health treatment facility for
 severe PTSD, (due to sexual trauma) which consists
 of increased sexual arousal (exhibitionism) and
 suicidal ideation, afterwhich I attempted suicide
 on August 21, 2025, between the hours of 9:00pm-
 10:00pm;

6) Between March 25, 2025 - Present Day, USP Coleman II
 Warden Eugene K. Carlton failed and/or refused to
 correct subordinate Officers after I directly informed
 said Warden of Bureau of Prisons Post Order violations,
 Bureau of Prisons Program Statement violations,
 Prison Rape Elimination Act violations, Code of Federal
 Regulations violations, as well as Constitutional and
 Civil Rights violations concerning ~~PREA Reporting~~ Reporting
 ~~(protocol) violation (s) and~~ Acting Captain G. Kitchens, SHU
 Lieutenant T. Parrigin, Dr. B. Kennedy, Dr. R. Patel,
 ~~and SHU Officer~~, and SHU Officer Morales;

7) On April 1, 2025, Warden Eugene K. Carlton,
 Acting Captain G. Kitchens, and Lieutenant T. Parrigin,
 refused abide by Prison Rape Elimination Act protocols
 after I directly ~~informed said officers~~ informed said
 officials that I was sexually assaulted by my
 cellmate (Joseph Coates);            Page 5(b) of 11

IV. Statement of Claim (...Continued)
  D. What are the facts underlying your claim(s)?

8) Between March 23, 2025 – Present Day, USP Coleman II
Medical/Health Services staff failed and/or refused to
provide with me with medical treatment for caustic chemical
burns and blurry vision, after USP Coleman II SHU Officers
and LVN Castillo refused to allow me to properly decon-
taminate the chemical agent (OC Pepper Spray) off of my
body, causing long-term eye damage;

9) On August 22, 2025, after I attempted to commit suicide,
Warden Eugene K. Carlton and Acting Captain G. Kitchens,
I was retaliated against me for filing a legitimate
PREA Report to the U.S. Department of Justice via the
"D.O.J. Sexual Abuse Reporting" electronic inbox, by punitively
re-housing me on a more restrictive housing unit, (L-2,
"Diversion Unit") without any prior notice or hearing,
subsequent to USP Coleman II Psychologists Dr. R. Patel
and Dr. B. Kennedy neglecting my multiple requests for
treatment of severe PTSD which consists of suicidal
thoughts/ideation;

10) On March 23, 2025, between the hours of 10:45am-12:00pm,
Lt. T. Parrigin retaliated against me for attempting to
report a PREA incident (sexual assault by cellmate) by
directing Special Housing Unit Officers to use excessive
force against me, afterwhich said Lieutenant maliciously
circumvented "incident report procedure" by not providing
me with the incident report to challenge it before I
was sanctioned wrongfully sanctioned by the
Unit Disciplinary Committee (Counselor D. Summerfield
on or about March 25, 2025;                    Page 5(c) of 11

IV. Statement of Claim (...Continued)
  D. What are the facts underlying your claim(s)?

i) ~~Between August 00, 2020 - Present Day, Unit Manager D. Jones retaliated (gated) on re-housing a PREA Report to the U.S. Department of Justice via the "DOJ Sexual Abuse Reporting" electronic inbox after I was sexually assaulted by my cellmate (Joseph Coates) and for previously indicating a legitimate U.S. Congressional Inquiry concerning said PREA, conducted by the Office #1 & Senator Marco Rubio on or about August 2020) by which he discarded all of my personal property (as well as legal documents related to the past Congressional Inquiry and this instant matter) thereby hindering my legitimate access to the Court(s);~~

ii) ~~D~~ Between August 21, 2025 - Present Day, USP Coleman II Warden Eugene K. Carlton and Acting Captain G. Kitchens retaliated against me, in consortium, for filing a legitimate PREA Report to the U.S. Department of Justice via the "DOJ Sexual Abuse Reporting" electronic inbox, by punitively re-housing me (after I was discharged from Leesburg Hospital due to a suicide attempt) on Unit Manager D. Jones's caseload/housing unit after I signed an agreement (to close a U.S. Congressional Inquiry concerning official misconduct of Unit Manager D. Jones) with USP Coleman II/BOP and the Office of U.S. Senator Marco Rubio, on or about August 2020, agreeing to be removed (and no longer be placed/housed on) Unit Manager D. Jones's caseload/ housing unit(s) due to his violative acts of retaliation and denial of access to the Courts.

Page 5(d) of 11

I. Parties to This Complaint (...Continued)
    B. The Defendant(s) (...Continued)

Defendant No. 5

Name            G. Kitchens
Job or Title    Lieutenant/Captain
Employer        U.S.D.O.J. - Federal Bureau of Prisons
Address         USP Coleman II
                P.O. Box 1029
                Coleman, FL 33521
                √ Individual Capacity  √ Official Capacity

Defendant No. 6

Name            T. Parrigin
Job or Title    Lieutenant
Employer        U.S.D.O.J. - Federal Bureau of Prisons
Address         USP Coleman II
                P.O. Box 1029
                Coleman, FL 33521
                √ Individual Capacity  √ Official Capacity

Defendant No. 7

Name            D. Jones (FNU) Morales
Job or Title    Unit Manager Correctional Officer (SHU Officer)
Employer        U.S.D.O.J. - Federal Bureau of Prisons
Address         USP Coleman II
                P.O. Box 1029
                Coleman, FL 33521
                √ Individual Capacity  √ Official Capacity

Page 3(a) of 11

VI. Relief ( ...Continued)

Plaintiff, alternatively, requests the timely dismissal
of her Criminal Complaint No. 4:10-cr-____, with
release from imprisonment on Supervised Release
(LIFE) with the condition of obtaining Mental Health
Treatment until treatment needs for severe PTSD,
which consists of suicidal ideation and attempts
are satisfied. This relief is requested as Equitable
Relief.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA    DIVISION

Edward J. Gladney,

    Plaintiff,

v.

United States of America, et. al.,

    Defendants.

Case No: _____

In Re: 5:25-cv-303; 5:25-cv-537

## PLAINTIFF'S DECLARATION IN SUPPORT

## OF EXHAUSTION OF

## ADMINISTRATIVE    REMEDIES

1) I, Edward JoRodge Gladney, am over the age of 18, and competant to state the facts herein;

2) While I was housed in the Special Housing Unit at USP Coleman II, appropriate designated staff (H-2 Unit Counseler D. Summerfield) did not conduct regular SHU rounds, counter to B.O.P. Program Statement, to provide me with Administrative Remedy forms;

3. Since about March 24, 2025, I diligently attempted to exhaust all "unexhausted" Administrative Remedies pertaining to this Civil Rights complaint, as well as the relief requested (and claims) cited therein, but the forms were unavailable when I requested them;

4. USP Coleman II has a history of denying me access to Administrative Remedy forms;

5. On or about August of 2020, a Congressional Inquiry was conducted at USP Coleman II concerning the retaliation and subsequent denial of access to the Courts by Unit Manager D. Jones, when he issued me a sham-fabricated Incident Report, and then instructed Counselor C. Johnson to deny me Administrative Remedy forms to grieve his misconduct;

6. As relief, I signed an agreement with the Office of former U.S. Senator Marco Rubio (R) and USP Coleman II, agreeing to close the investigation (inquiry), contingent upon me being removed from Unit Manager D. Jones's caseload/housing unit;

2

7. This agreement is located within my B.O.P. "Inmate Central File";

8. However, USP Coleman II staff breached (and is currently breaching) that agreement on August 21-22, 2025, when Warden Eugene K. Carlton and Captain G. Kitchens, ~~malice~~ maliciously re-housed me on Unit Manager D. Jones's housing unit/caseload on L-2 Unit; ~~the which Unit Manager D. Jones hindered my legitimate access to the Courts;~~

9. ~~Because of the intentional destruction of my legal documents, (related to this case,) I was compelled to submit this complaint without any of my other notes, time logs, and anticipated discovery documents, leaving me to cite the information within this instant complaint as accurately as I can remember;~~

10. On May 12, 2025, I reported that I was sexually assaulted by my cellmate on March 23, 2025, between the hours of 10:45 am ~ 12:00 pm, to the United ~~States~~ States Department of Justice via the "DOJ Sexual Abuse Reporting" electronic inbox, after USP Coleman II staff (including Warden Eugene K. Carlton, Lieutenant (now Acting Captain) G. Kitchens, and Special Housing

3

Unit Lieutenant T. Parrigin) refused to abide by the Prison Rape Elimination Act of 2003 protocols, as well as the 8th Amendment (deliberate indiffence);

11. On May 14, 2025, the U.S. Department of Justice then compelled USP Coleman II staff to abide by PREA protocol(s), afterwhich I was interviewed by Psychologist Dr. R. Patel. and photographs were taken of me and the assailant (Joseph Coates);

12. Since then, USP Coleman II Psychology and Health Services have neglected/ignored my dire requests for treatment;

13. Since then, USP Coleman II Psychologists only attends to my electronic requests for help after I inform the U.S. Department of Justice, via the "DOJ Sexual Abuse Reporting" electronic inbox, of my symptoms and staff's collective misconduct/negligence.

14. When USP Coleman II Psychologists are compelled to acknowledge my requests, they inform me that I have "no other treatment options";

15. On or about May 4, 2025, while housed in the USP Coleman II Special Housing Unit, I wrote a letter to the U.S. Department of Justice-Office of Inspector General, Senior Counsel Adam Miles detailing the March 23, 2025 sexual assault, staff's subsequent excessive use of force and disregard of adhering to PREA protocol(s) by which USP Coleman II staff (including Warden E.K. Carlton, Lt. G. Kitchens, SHU Lt. T. Parrigin, Lt. Lopez, SHU Officer Morales, and various Health Services staff) attempted to deflect or otherwise negate staff's liability/failure to protect and negligence, in consortium;

16. To date, I have yet to receive any response or acknowledgement from the Office of Inspector General.

17. Between August 22, 2025 - Present, I have sent multiple communications to the U.S. Department of Justice, via the "DOJ Sexual Abuse Reporting" electronic inbox, after I was punitively housed on L-2 Unit ("Diversion Unit") after a suicide attempt, explaining in detail USP Coleman II's Psychology's failure/refusal to treat or transfer me to a suitable treatment facility for severe PTSD symptoms which consist of suicide ideation, ~~and the lack thereof, denying me~~ ~~of appropriate property, as well as legal documents related~~ ~~to this instant cause, by L-2 Housing Unit Manager D. Jones;~~

5

18. I also informed the U.S. Department of Justice that USP Coleman II staff, namely Warden Eugene K. Carlton and Acting Captain G. Kitchens, violated (ongoing) my Due Process by punitively re-housing me to L-2 Unit "Diversion Unit" (which is a restrictive housing unit similar, but not identical, to the Special Housing Unit [Segregation]) without any prior notification nor hearing to challenge such punishment for a suicide attempt;

19. Due to the lack (and at times denial of) *timely* remedies concerning my health, safety and livelihood, counter to the B.O.P. duties to protect, supervise, and rehabilitate, I do not entrust the U.S. Department of Justice (B.O.P., Southeast Regional Office, nor Central Office) with my protection, health, and rehabilitation.

Pursuant to 28 USC § 1742, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of knowledge.

Dated: September 9th 2025    Signed: _Edward J. Gladney_ #80179-279
USP Coleman II
P.O. Box 1034
Coleman, FL 33521
(352) 689-7000

6

7. This agreement is located within my B.O.P. "Inmate Central File";

8. However, USP Coleman II staff breached (and is currently breaching) that agreement on August 21-22, 2025, when Warden Eugene K. Carlton and Captain G. Kitchens, ~~earlier~~ maliciously re-housed me on Unit Manager D. Jones's housing unit/caseload on L-2 Unit; ~~so which~~ ~~Unit Manager D. Jones hindered my legitimate access to~~ ~~the Courts;~~

9. ~~Because of the interdiction of my Legal Materials,~~ ~~(including this case) I was compelled to submit this com-~~ ~~plaint without any of my address, times, dates, and~~ ~~anticipated discovery documents, leaving me to write~~ ~~the information within this instant complaint as accurately~~ ~~as I can remember;~~

10. On May 12, 2025, I reported that I was sexually assaulted by my cellmate on March 23, 2025, between the hours of 10:45am~12:00pm, to the United ~~States~~ States Department of Justice via the "DOJ Sexual Abuse Reporting" electronic inbox, after USP Coleman II staff (including Warden Eugene K. Carlton, Lieutenant (now Acting Captain) G. Kitchens, and Special Housing

3

Edward Gladney #80179-279 L-2 Unit
Federal Correctional Complex, USP-2
P.O. Box 1034
Coleman, FL 33521



SCREENED
By USMS



LEGAL
MAIL

U.S. District Court - Ocala
ATTN: Clerk of Court
207 N.W. 2nd Street, Room 337
Ocala, FL 34475

34475366666 C029

